IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID NEALY, JR., | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-00413-MTT-CHW |
| | : | |
| ERIC COX, | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## ORDER

Petitioner David Nealy, Jr. seeks the appointment of counsel to assist him in his petition filed pursuant to 28 U.S.C. § 2254, which challenges his 2002 convictions in the Superior Court of Houston County. (Docs. 1, 13). No constitutional right to counsel exists in Section 2254 proceedings. *See McGriff v. Dep't of Corrs*, 338 F.3d 1231, 1234 (11th Cir. 2003). Rather, the Court may appoint counsel for any financially eligible person seeking relief under section 2241, 2254, or 2255 of Title 28 if the "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Petitioner suggests that he requires counsel because he is unable to litigate the complex matters of this case and required help from others to file the petition. The petition and docket show however that he has filed a state habeas petition, albeit untimely and has filed several post-conviction motions in the trial court, including an extraordinary motion for new trial. *See*, *e.g.*, (Docs. 1, 6, 7). These filings demonstrate a basic ability to present his claims and navigate the court system. Petitioner has failed to demonstrate that

the interests of justice require the appointment of counsel. Accordingly, his motion for appointment of counsel (Doc. 13) is **DENIED**.

Should it later become apparent to the Court that legal assistance is required to avoid prejudice to Petitioner's rights, then the Court, **on its own motion**, will assist Petitioner in securing counsel at that time.

**SO ORDERED**, this 18th day of December, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge