IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID NEALY, Jr., | ) |
| | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:25-CV-413 (MTT) |
| ERIC COX, | ) |
| Respondent. | ) |

### ORDER

On December 18, 2025, United States Magistrate Judge Charles H. Weigle issued an Order denying Petitioner's Motion to Appoint Counsel (ECF 13). ECF 14. Petitioner objects to the Magistrate Judge's Order. ECF 15. In his objection, Petitioner argues he requires the assistance of counsel because he has relied on others in seeking habeas relief and because he has a learning disability and required special education services to obtain his high school diploma. ECF 15 at 1. He also argues that counsel could increase his chances of success. *Id.* at 1–2.

Since the Magistrate Judge clearly acted within his statutorily granted authority in deciding a non-dispositive motion, the Court may only disturb his ruling when it is "shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A). "Clear error is a highly deferential standard of review." *Holton v. City Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing

court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district [judge] can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

Upon review of the Order and Petitioner's objection, the Court finds no clear error in the Magistrate Judge's decision. As the Magistrate Judge explained, no constitutional right to counsel exists in Section 2254 proceedings. *See McGriff v. Dep't of Corrs*, 338 F.3d 1231, 1234 (11th Cir. 2003). While the Court may appoint counsel for any financially eligible person seeking relief under §§ 2241, 2254, or 2255 of Title 28 if the "the interests of justice so require," the Magistrate Judge did not clearly err by concluding the interests of justice do not require the appointment of counsel here. 18 U.S.C. § 3006A(a)(2)(B). The Court agrees with the Magistrate Judge that Petitioner's filings demonstrate a basic ability to present his claims and navigate the court system. Accordingly, the Court **OVERRULES** Petitioner's objection (ECF 15) to the Magistrate Judge's Order (ECF 14).

**SO ORDERED**, this 9th day of January, 2026.

                                                 S/ Marc T. Treadwell
                                                 MARC T. TREADWELL, JUDGE
                                                 UNITED STATES DISTRICT COURT