**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DAVID NEALY, Jr.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-413 (MTT)** |
| | ) | |
| **ERIC COX,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

United States Magistrate Judge Charles H. Weigle recommends granting Respondent's motion to dismiss Petitioner David Nealy, Jr.'s petition for habeas corpus pursuant to 28 U.S.C. § 2254 as untimely. ECF 27. Petitioner objects. ECF 28. Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo those portions of the Magistrate Judge's Recommendation to which Petitioner objects.

The Magistrate Judge recommends granting the motion to dismiss the petition as untimely because Petitioner's § 2254 habeas petition is more than twenty years out of time. ECF 27 at 3. Petitioner does not argue that his petition is timely. ECF 28. Instead, Petitioner objects that "[t]here should not be a statute of limitations" for challenging an "unjust conviction" because "that violates the supreme laws of our great country." *Id.* at 1. Petitioner does not say how the statute of limitations violates any particular law or right, however, and Petitioner's belief that there should not be a statute of limitations for § 2254 petitions does not change the fact that there is one.

Petitioner also objects that the statute of limitations can "be overcome if there is 'good cause' to be shown" to "avoid a miscarriage of justice where there has been a substantial denial of constitutional rights." *Id.* at 2. Petitioner cites Georgia cases discussing state habeas relief. *Id.* at 3. In the § 2254 context, Petitioner's objection may pertain to exceptions to the statute of limitations like equitable tolling or actual innocence, but neither provides an exception to the statute of limitations here.

"Equitable tolling 'is an extraordinary remedy limited to rare and exceptional circumstances' and typically should be 'applied sparingly.'" *Clemons v. Comm'r, Alabama Dep't of Corr.*, 967 F.3d 1231, 1241 (11th Cir. 2020) (quoting *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (citation modified). Petitioner states that he is ignorant of the law and criminal procedure and has difficulty communicating his thoughts through verbal communication. ECF 28 at 2. He also states that he placed total faith in his state appellate attorneys who did not inform him of the deadlines associated with pursuing habeas relief. *Id.* at 3. But as the Magistrate Judge observed, over fifteen years elapsed between the time Petitioner's conviction became final and when he filed his state habeas petition. ECF 27 at 5. Petitioner has not shown that he diligently pursued his rights during that time. In addition, Petitioner's ignorance of the law and his state appellate counsel's failure to inform him of the statute of limitations period for pursuing federal habeas relief are not extraordinary circumstances that stood in his way and prevented timely filing. "'*[P]ro se* litigants, like all others, are deemed to

know of the one-year statute of limitations.'" *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) (quoting *Outler v. United States,* 485 F.3d 1273, 1282 n. 4 (11th Cir. 2007)).

"The Supreme Court has recognized that a petitioner may 'overcome' the Act's 'one-year statute of limitations' period based on 'a convincing showing of actual innocence.'" *Stimpson v. Warden*, 2025 WL 484049, at *3 (11th Cir. Feb. 13, 2025) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013)). "This exception applies to 'cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Moore v. Frazier*, 605 F. App'x 863, 868 (11th Cir. 2015) (quoting *McQuiggin,* 569 U.S. at 395). Petitioner has not pointed to new evidence showing it is more likely than not that no reasonable juror would have convicted him, so the actual innocence exception does not overcome the one-year statute of limitations period here.

Having reviewed the Magistrate Judge's Recommendation and conducted a de novo review of those portions of the Recommendation to which Petitioner objects, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 27) is **ADOPTED** and made the Order of the Court. The motion to dismiss (ECF 20) is **GRANTED,** and the petition is **DISMISSED with prejudice**. Petitioner has not shown a certificate of appealability is warranted. Accordingly, a certificate of appealability is **DENIED**.

**SO ORDERED**, this 16th day of August 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT